THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MARÍA VÁZQUEZ COLÓN and ARCADIO RODRÍGUEZ RODRÍGUEZ, k/a ARCADIO RODRÍGUEZ AYALA, Defendants and Appellant the latter.

No. Cr-62-273. Decided March 15, 1963.

*Gustavo L. Marrero Ledesma* for appellant. *J. B. Fernández Badillo*, Solicitor General, and *J. F. Rodríguez Rivera*, Assistant Solicitor General, for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

 Appellant was found guilty of a violation of § 4 of Act No. 220 of May 15, 1948, 33 L.P.R.A. § 1250. He appealed and assigns as errors (1) that the judgment is contrary to law because there is no evidence against him, and (2) that the trial court was moved by passion, prejudice and partiality.

We have examined carefully the transcript of the evidence as well as the record of the case and find no merit in these assignments. As to the first: Police officer Rafael Oyola, who intervened in the search, testified that in the crossbeam of the room where defendant was living with his concubine he found a paper bag containing bolita material which was identified at the trial as 28 lists of figures on white paper, ten lists on rag paper, nine printed bolipool notebooks and a "scratch pad" notebook also containing bolita numbers. The defense attorney was willing to stipulate that if the two other police officers who intervened in the search were called to testify, they would testify the same as police officer Oyola. (Tr. Ev. 26.)

Witness Rosa María Rosario, aged 21, who incurred a series of contradictions obviously for the purpose of defending defendant, answered as follows when the district attorney showed her the bolita material.

"Q.—Young lady, will you see what is this that I'm showing you? Do you see it?
A.—Yes, sir.
Q.—Have you seen it before?
A.—Yes, sir, I have seen it.
Q.—In whose possession?
A.—Cayo's.
Q.—Who is Cayo?
A.—Arcadio Rodríguez.
Q.—Where is he?
A.—That man. (Pointing to defendant.)
Q.—When did you see it in his possession?
On what date did you see it in his possession?

A.—On the 7th.
Q.—On the 7th of what?
A.—Of January.
Q.—Of this year?
A.—Yes, sir." (Tr. Ev. 64.)

The same witness, upon questioning this time by the defense attorney, answered as follows:

"Q.—Look here, young lady. We all want you to tell the truth. We are trying to find out the truth in order to prosecute this man and the woman. If you know, in what was this man engaged?
A.—Well, in that.
Q.—What is 'in that'?
A.—In those papers." (Tr. Ev. 71.)

There is no question that there was sufficient evidence against defendant and that he was connected with it. *People* v. *Burgos*, 73 P.R.R. 194 (1952); *People* v. *Viruet*, 80 P.R.R. 291 (1958).

Nor was the second error assigned committed. The judge who presided the trial posed certain questions to witness Rosario. She was a witness who had incurred certain clearly intentional contradictions and the magistrate intended to enlighten the facts, to which he had a perfect right. *People* v. *Rivera*, 71 P.R.R. 115, 119 (1950). Since judges are not eyewitnesses of the facts under consideration, but the information furnished to them is necessarily secondhand, they may ask questions in order to clarify the facts. How could fair judgments be expected if the judges of the Court of First Instance are precluded from resolving doubts by formulating questions? It is only the disproportionate and unjustified intervention which may give occasion to the imputation of bias.

We therefore conclude that the two errors assigned were not committed and that the judgment rendered in this case by the Superior Court, Arecibo Part, on March 30, 1962 should be affirmed.